1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STACY SHAW,                           No.  2:17-CV-1355-DMC

12                  Plaintiff,

13         v.                              MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                    Defendant.
16

17

18             Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Pursuant to the written consent of all parties (ECF Nos. 7 and 17), this case is before the

21   undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

22   U.S.C. § 636(c).  Pending before the court are plaintiff's opening brief (ECF No. 20) and

23   defendant's motion to dismiss for lack of jurisdiction (ECF No. 24).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                              1

# I. THE COMMISSIONER'S FINDINGS

Plaintiff filed an application for childhood disability benefits on March 29, 2013. See CAR 24.[1] The application was denied because it concerned the same issues which were previously decided in the context of a prior claim. See id. Plaintiff requested a hearing on October 2, 2013, and a hearing was held on February 26, 2015, before Administrative Law Judge (ALJ) Sara A. Gilles "for the limited purpose of deciding whether to dismiss the claimant's October 2, 2013, request for hearing." Id. In an April 9, 2015, decision, the ALJ dismissed plaintiff's request for a hearing pursuant to administrative res judicata. See id. at 24-27.

In applying administrative res judicata to this case, the ALJ concluded the prior determination is administratively final:

> The claimant previously filed an application for childhood disability benefits under Title II of the Act on November 23, 2011. (Ex. 1). Under 20 C.F.R. 404.350(a)(5), the claimant was required to establish that she was under a disability that began between 18 and 22 years of age. The application was denied by an initial determination dated February 3, 2012, that found that there was insufficient evidence to find the claimant disabled between 18 and 22 years of age. (Ex. 2, 3, 4). This determination is administratively final because the claimant did not seek an appeal of the determination.

Id. at 25.

The ALJ also concluded the prior determination was based on the same facts and issues as the current application:

> The claimant, now 46 years of age, filed a claim for child disability benefits under Title II of the Act on March 29, 2013 (Ex. 5), which is now before the undersigned. 20 C.F.R. 404.350(a)(5) requires the claimant to establish that she was under a disability that began between 18 and 22 years of age, as it did in the claimant's prior application. However, this issue was already decided, unfavorably to the claimant, in the previous February 3, 2012, determination.
>
> HALLEX 1-2-4-40(J) states, "[f]or administrative res judicata to apply to any particular issue, the same material facts must be involved, i.e., the prior claim represented the same material facts pertinent to the particular issue. The term 'same facts' means in effect, that no new and material evidence has been submitted since the lase adjudication on the prior claim."

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on October 1, 2018 (ECF No. 16).

> Admittedly, the claimant. . . submitted new evidence in connection with her current claim that was not previously considered in the previous February 3, 2012, determination. While this evidence is new, it is not material to relate back to and/or evaluate the claimant's functioning between 18 and 22 years of age:

CAR 25-26.

Specifically, the ALJ considered Exhibits 25-28, 33, and 34. See id. at 26.

> After the Appeals Council declined review on May 5, 2017, this appeal followed.

## II. DISCUSSION

In In her opening brief, plaintiff raises the following two arguments:

> 1. The decision's only rationale for not excusing Ms. Shaw from res judicata, despite her disabling and obviously very serious mental condition, would apply equally to *anyone* who managed to file a single appeal on her own (emphasis in original).
>
> 2. Uncontradicted medical opinion evidence establishes at least two medically determinable impairments by age 22; an abundance of evidence, including probably relevant objective test scores, demonstrate severity; and the law encourages the use of a medical expert to infer disability onset dates.

In response, defendant argues the matter should be dismissed for lack of jurisdiction because the dismissal of a request for a hearing is not a final decision subject to judicial review. According to defendant, the court is limited to reviewing whether administrative res judicata has been appropriately applied. Given defendant's concession that this court has jurisdiction to review the ALJ's application of administrative res judicata in this case, the court will exercise jurisdiction on this single issue.

An unappealed denial of an application for disability benefits operates as res judicata as to the finding of non-disability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). The prior determination of non-disability also creates a presumption of continuing non-disability. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if there are changed circumstances. See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Thus, the presumption of continuing non-disability may be overcome by a showing of new facts establishing a

previously unlitigated impairment.  See Lester, 81 F.3d at 827-28; see also Gregory, 844 F.2d at 666.

Under the standards outlined above, plaintiff must demonstrate the existence of an unlitigated impairment to prevail.  As to this issue, plaintiff references in her brief the following evidence:

> - A September 6, 2013, letter from treating professionals at Kaiser, Drs. Boyum and Diamond, regarding mental impairments (CAR 933).
>
> - "Information from . . .'counselors and coordinators' at a junior college. . . ." (CAR 921-27), regarding "school progress."
>
> - A 2014 report by Monica Silva, Ph.D., providing "historical information."

The ALJ concluded – and plaintiff does not dispute – the current and prior applications involve the same issues.  While plaintiff has pointed to potentially new evidence concerning the impairments litigated in the prior application, she has not demonstrated how the evidence referenced in her brief relates to an unlitigated impairment that existed during the time relevant to her prior application for childhood benefits.  On this record, the court concludes the ALJ properly applied administrative res judicata.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment (ECF No. 20) is denied;

2.      Defendant's motion to dismiss (ECF No. 24) is denied except as provided below;

3.      The Commissioner's dismissal on the basis of administrative res judicata is affirmed; and

4.      The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff and close this file.


Dated:  June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE